SOPHIA WILSON *vs.* ALEXANDER CAMPBELL and others.

Washington. Opinion April 2, 1884.

*Flowage. Mills and mill-dams. R. S., c. 92.*

A complaint for flowage under the mill act cannot be maintained for damage done by flowing of lands, situated below the dam, by water drawn from the dam.

ON REPORT.

Complaint for flowage of plaintiff's land in Deblois on the Narragaugus river by water drawn from the defendants' dam across the river above, at Beddington Lake, during the summer months when the natural flow of the stream was not sufficient to overflow the plaintiff's land.

The complaint did not allege that the mill and dam were erected upon the lands of the defendants.

*John F. Lynch*, for the plaintiff, contended that the words "flow" and "flowage" in the mill act did not mean simply to flow back. Webster's definitions of the transitive verb "flow" are "to cover with water," "to overflow," "to inundate," "to flood." This is the meaning of the word in the statute, "any person whose lands are damaged by being flowed by a mill-dam," etc. It makes no difference where the land is situated if it is covered with water, overflowed, inundated, flooded by a mill-dam. Now the respondents admit that their dam has caused the complainant's land to be covered with water during the dry season.

In *Wolcott Woollen Man'f'g Co.* v. *Upham*, 5 Pick. 292, the court, referring to the Massachusetts act of 1824 which extended the remedy under the mill act to lands lying below the dam, calls it a "legislative exposition" of former acts.

*J. A. Milliken*, for the defendants.

VIRGIN, J. Even if the complaint be amended as proposed so as to show that the mill and dam are erected upon the land of the respondents as is required by R. S., c. 92, § 1, and *Jones* v. *Skinner*, 61 Maine, 25, these allegations cannot remedy another quite as serious a difficulty. For only he can recover damages under the mill-act "whose lands are damaged by being flowed by a mill-dam," R. S., c. 92, § 4. This language, especially when considered in connection with other provisions of the chapter, evidently refers to lands flowed by water raised by the dam, and situated above the dam. Thus § 3 provides for a regulation of the time of flowing and the height of the water; § 9 for the appointment of commissioners to determine how far the flowing is necessary; § § 12 and 13 forbid flowing when prohibited by the commissioners and furnish a new remedy in certain cases. Damages caused by water let out of the dam is nowhere hinted at in the statute. If the dam is rightfully built, the statute provides the remedy for persons injured in their lands by flowing caused thereby; but the water thus rightfully accumulated must be let out with ordinary care, or the party will be liable at common law for negligence. *Frye* v. *Moor*, 53 Maine, 583.

Moreover the dam cannot be maintained for any purpose other than that of raising water for working a water-mill. R. S., c.

92, § 1. *Dixon* v. *Eaton*, 68 Maine, 542. The Massachusetts statute is different including flowing below or above the dam.

*Complainant nonsuit.*

PETERS, C. J., DANFORTH, LIBBEY and SYMONDS, JJ., concurred.